UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARREN WOLD,   Case No. 15-cv-1040-pp

   Petitioner,

v.

BRIAN FOSTER, Warden,
Green Bay Correctional Institution,[1]

   Respondent.

**ORDER DENYING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 5) AND SCREENING *HABEAS* PETITION (DKT. NO. 1)**

Petitioner Darren Wold, a prisoner incarcerated at the Green Bay Correctional Institution, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. Several days later, the petitioner filed a motion asking the court to allow him to proceed without pre-paying the filing fee. Dkt. No. 5. The court denies the motion to proceed without paying the filing fee as moot, and screens the petition.

---

[1] The original petition named the State of Wisconsin as the respondent. An incarcerated *habeas* petitioner's Warden is the only proper respondent in a habeas corpus case. Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996). The court amends the caption and substitutes Brian Foster, Warden of the Green Bay Correctional Institution, as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.

1

## I. PETITION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE

On August 26, 2015—the day the petitioner filed his case—the clerk of court sent him a letter, informing him that the fee for filing a *habeas* petition was $5, and that if he couldn't pay it, he needed to file an application to proceed without prepaying fees and a copy of his prison trust account statement. Dkt. No. 2. On September 1, 2015, the petitioner filed the application asking the court to allow him to proceed without paying the filing fee. Dkt. No. 5. The application indicated that the petitioner was in prison and had no income. Id. at 2. He did not, however, provide a copy of his prison trust account statement. On September 17, 2015, the clerk of court sent the petitioner another letter, reminding him that without the trust account statement, the court couldn't consider his request to waive the filing fee. Dkt. No. 6. On September 22, 2015, five days after the clerk sent this second letter, the court received the $5 filing fee. Because the court has received the filing fee, the court will deny the petitioner's application to proceed without prepaying the filing fee as moot.

## II. SCREENING OF THE PETITION

### A. Grounds for Relief Stated in the *Habeas* Petition

In 2011, the petitioner was convicted in the Circuit Court of Waukesha County of first-degree intentional homicide related to a murder-for-hire scheme. For eight reasons (some of which overlap), the petitioner contends that his conviction violated federal law: (1) the trial court violated the Sixth Amendment's Confrontation Clause by denying his motion to sever and

2

preventing him from calling co-defendant Jack Johnson as a rebuttal witness; (2) the evidence was insufficient to support his conviction because the state did not prove that co-defendant Justin Welch was paid in connection with the conspiracy to commit murder; (3) his trial counsel was ineffective because he failed to show at trial that Justin Welch had given multiple inconsistent statements to the police related to the murder-for-hire scheme; (4) his trial counsel was ineffective because he failed to call a fact witness whose testimony allegedly would have undermined the state's evidence that the petitioner was complicit in the scheme; (5) his trial counsel was ineffective because he failed to consult with the petitioner about strategic choices, and failed to call the victim's best friend as a witness to prove that Jack Johnson had a motive to kill the victim; (6) the trial judge was biased against the petitioner because the judge's wife knew the victim, and should have recused himself; (7) the trial court should have granted the petitioner's motion to change venue, and the petitioner's counsel's attempt to pursue that issue was ineffective; and (8) the combined effect of all of the trial errors violated the petitioner's due process rights and deprived him of a fair trial.

  B. <u>Grounds for Relief Raised in the Petitioner's State Court Appeals</u>

The following background facts and procedural history come from the petitioner's filings, the state court of appeals' unpublished opinion, <u>State v. Wold</u>, Appeal No. 2013AP1618-CR (Wis. Ct. App. Dec. 23, 2014) (per curiam), and the court records available electronically.

After a jury trial, the petitioner was convicted of first-decree intentional homicide as a party to a crime. He was convicted on November 2, 2011 and on December 20, 2011, he was sentenced to life imprisonment without the possibility of parole. The petitioner appealed his conviction to the Wisconsin Court of Appeals. That court addressed the following issues in its opinion: (1) whether the circuit court erroneously denied his motion for severance; (2) whether the circuit court erroneously admitted "impermissible 'other acts' character evidence through the testimony of the guardian ad litem (GAL) and social worker who were involved in" the divorce and custody dispute between the petitioner and the victim; (3) whether, even if the GAL's and social worker's testimony did not constitute "other acts evidence," that testimony should have been excluded because the danger of unfair prejudice substantially outweighed its probative value; and (4) whether, "despite filing pretrial motions and motions in limine, which were denied, [the petitioner's] trial attorneys were ineffective for failing to renew the same objections at trial." State v. Wold, No. 2013-CV-1618-CR, 2014 WL 7269928, at *1-4 (Wis. Ct. App. Dec. 23, 2014). In his appellate brief, the petitioner raised other issues as well, including whether the state had proven the foundational elements of conspiracy. Br. of Appellant, State v. Wold, No. 2013-CV-1618-CR (Wis. Ct. App. Feb. 12, 2014). The court of appeals rejected all of the petitioner's arguments, and affirmed his conviction. The Wisconsin Supreme Court denied review on April 16, 2015. State v. Wold, No. 2013-CV-1618-CR (Wis. Apr. 16, 2015). The petitioner did not file a petition for a writ of certiorari in the United States Supreme Court,

and he did not file any post-conviction motions in the Wisconsin state courts before filing his *habeas* petition in this court on August 26, 2015.

    C.    <u>Analysis of Whether the Petitioner Has Exhausted All Claims</u>

Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

When screening a *habeas* petition, the court must determine whether the petitioner has exhausted all of his state-court remedies as to each claim contained in the petition. A district judge cannot consider the merits of a petitioner's habeas claims "unless the state courts have had a full and fair opportunity to review them." <u>Farrell v. Lane</u>, 939 F.2d 409, 410 (7th Cir. 1991). The petitioner first must have appealed the issues raised in the federal *habeas* petition all the way up to the highest court in the state for a ruling on the merits. <u>Lieberman v. Thomas</u>, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge either may dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); <u>see also</u>, <u>Rhines v. Weber</u>, 544 U.S. 269, 278, 125 S. Ct. 1528, (2005); <u>Rose v. Lundy</u>,

5

Case 2:15-cv-01040-PP  Filed 11/24/15  Page 5 of 9  Document 7

455 U.S. 509, 510, 102 S. Ct. 1198 (1982); <u>Dressler v. McCaughtry</u>, 238 F.3d 908, 912 (7th Cir.2001).

After reviewing the issues raised in the petitioner's direct appeal to the Wisconsin Court of Appeals, the court concludes that petitioner has exhausted his claim that the trial court erroneously denied his motion for severance (ground one), and his claim that his conviction is not supported by sufficient evidence because the state failed to show that Justin Welch received payment for his role in the murder-for-hire scheme (ground two).

The court concludes that the petitioner has not exhausted the following grounds for *habeas* relief: his claim that his trial counsel was ineffective due to counsel's alleged failures to show that Justin Welch had given multiple inconsistent statements to the police, to call certain fact witnesses, and to consult with the petitioner about strategic choices (grounds three through five); his claim that the trial judge erroneously failed to recuse himself (ground six); his claim that the trial court should have granted the petitioner's motion to change venue, and that his counsel's attempt to pursue that issue was ineffective (ground seven); and his claim that the combined effect of all of the alleged trial errors violated the petitioner's due process rights and deprived him of a fair trial (ground eight).

The petitioner did not raise the recusal and venue issues in the state court proceedings. Thus, he has not exhausted these claims, and this court cannot review them.

6

While the petitioner raised the legal theory of ineffective assistance of counsel in his state appellate proceedings, the facts he alleged to support that theory are entirely different from the facts supporting the ineffective assistance claims he raised in his *habeas* petition. For purposes of *habeas* review, the ineffective assistance of counsel claims are not exhausted merely because the petitioner exhausted the same legal theory in the state courts. Anderson v. Benik, 471 F.3d 811, 815 (7th Cir. 2006) (explaining that fair presentment requires a petitioner to present the same "factual and legal substance" to the state courts as raised in his federal habeas petition). Neither the petitioner's appellate brief nor the Wisconsin Court of Appeals' decision contain the ineffective assistance claims he raises in this *habeas* petition, so the petitioner did not "fairly present" them to the state courts. See Byers v. Basinger, 610 F.3d 980, 985 (7th Cir. 2010) ("The burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without its having been raised.") (quoting Bell v. Cone, 543 U.S. 447, 451 n.3, 125 S. Ct. 847 (2005)).

Rose v. Lundy instructs federal district courts either to dismiss a petition that presents a mix of exhausted and unexhausted claims, 455 U.S. at 510, or to allow the petitioner, if he so chooses, to amend his petition by deleting the unexhausted claims and proceeding solely on the exhausted claims, 455 U.S. at 520. Under Rhines v. Weber, courts may stay unexhausted claims in situations in which outright dismissal of a mixed petition could jeopardize the

7

petitioner's ability to later file a timely *habeas* petition, such as when the petitioner files his *habeas* petition "close to the end of the 1–year" statute of limitations. 544 U.S. at 275.

In this case, the petitioner is not in danger of losing his ability to seek federal *habeas* relief due to expiration of the one-year statute of limitations. The petitioner's one-year limitations period would have begun to run ninety days after the day the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674–675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of ninety–day period in which prisoner could have filed a petition for a writ of certiorari with United States Supreme Court). The Supreme Court denied the petition for review on April 16, 2015, which means that the limitations period began to run on or about July 15, 2015. It appears, therefore, that the petitioner has time to exhaust his claims in state court. If he is unsuccessful there, he should have time to return to this court to seek federal *habeas* relief because the one-year "limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review.'" Rhines, 544 U.S. at 274 (citing § 2244(d)(2)).

Under these circumstances, the court will give the petitioner the opportunity to decide whether he wants to abandon his unexhausted claims and proceed only on the claims he has exhausted, or whether he wishes to return to state court to exhaust all the claims he raised in his August 2015 *habeas* petition. In deciding whether to proceed on his exhausted claims or to

8

return to state court to exhaust his other claims, the petitioner should be aware of the following: if he decides to give up his unexhausted claims and proceed only on the claims he already has exhausted, it is unlikely that he will be able to raise the unexhausted claims in a future federal *habeas* petition. Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. §2254 Rule 9(b), authorizing dismissal for abuse of the writ).

### III. CONCLUSION

The court **ORDERS** that the petitioner's application to proceed without paying the filing fee is **DENIED** as moot. Dkt. No. 5.

For the reasons explained in this order, the court **ORDERS** that on or before **JANUARY 29, 2016**, the petitioner shall file a document, in which he states whether he wants to proceed only on his exhausted claims or wants the court to dismiss his petition without prejudice so that he can return to the state courts and exhaust his unexhausted claims. If the petitioner has not filed such a document by January 29, 2016, the court will dismiss the petition without prejudice.

Dated in Milwaukee, Wisconsin this 24th day of November, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge