DARREN WOLD,

    Petitioner,

v.                                         Case No. 15-cv-1040-PP

BRIAN FOSTER, Warden,
Green Bay Correctional Institution,

    Respondent.

## ORDER DISMISSING WITHOUT PREJUDICE
## PETITIONER'S *HABEAS* PETITION (DKT. NO. 1)

Petitioner Darren Wold, a prisoner incarcerated at the Green Bay Correctional Institution, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The court screened the petition and concluded that the petitioner had exhausted two of the claims he raised in his petition—that the trial court erroneously denied his motion for severance (ground one), and that his conviction was not supported by sufficient evidence (ground two). Dkt. No. 7 at 6. The court concluded, however, that the petitioner had not exhausted his remaining claims—that his trial counsel was ineffective due to counsel's alleged failures to show that a co-defendant had given multiple inconsistent statements to the police, to call certain fact witnesses, and to consult with the petitioner about strategic choices (grounds three through five); that the trial judge erroneously failed to recuse himself (ground six); that the trial court should have granted the petitioner's motion to change venue and

that his counsel's attempt to pursue that issue was ineffective (ground seven); and his claim that the combined effect of all of the alleged trial errors violated the petitioner's due process rights and deprived him of a fair trial (ground eight). Id.

The court allowed the petitioner to decide whether to abandon his unexhausted claims and proceed in federal court only on the claims he had exhausted, or to return to state court to exhaust all the claims he had raised in his federal *habeas* petition. Id. at 8. The court warned the petitioner that, if he decided to give up his unexhausted claims and proceed only on the claims he already had exhausted, it was unlikely that he would be able to raise the unexhausted claims in a future federal *habeas* petition. Id. at 9.

The petitioner has notified the court that he has elected to return to state court to exhaust his unexhausted claims, so the court will dismiss his petition without prejudice (meaning that the court is not barring him from filing another petition in the future). Dkt. No. 8. He also asks the court to extend the time in which to exhaust his claims in the state court and, if he is unsuccessful there, to allow him return to this court. The court cannot grant that request.

First, the petitioner does not appear to be in danger of losing his ability to seek federal *habeas* relief on his unexhausted claims due to expiration of the one-year statute of limitations. As the court explained in its prior order, the petitioner's one-year limitations period began to run ninety days after the day the Wisconsin Supreme Court denied his petition for review. Anderson v.

2

Litscher, 281 F.3d 672, 674–675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed a petition for a writ of certiorari with United States Supreme Court). The Wisconsin Supreme Court denied the petitioner's petition for review on April 16, 2015, which means that the one-year limitations period began to run on or about July 15, 2015.

As of the date of this order, less than eight months of the one-year statute of limitations period have elapsed. The statute of limitations will be tolled (in other words, it will will stop running) as soon as the petitioner files his unexhausted claims for post-conviction relief in the Wisconsin state courts. The one-year "limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review.'" Rhines v. Weber, 544 U.S. 269, 274, 125 S. Ct. 1528 (2005) (quoting §2244(d)(2)).

Given the timeline above, it appears to the court that the petitioner will have several months of time remaining to seek federal *habeas* relief if he promptly files his claims in state court and ultimately is not successful in obtaining post-conviction relief in the state courts.

Second, if the petitioner exhausts his claims in state court, but then circumstances develop that might prevent the petitioner from timely filing a federal *habeas* petition, he has the ability at that time to ask this court for an extension of time in which to file his federal petition.

Finally, this federal court cannot order the state court to give the petitioner more time to file cases there. The two courts are separate; one does

3

not have control over the other. If the petitioner needs more time from the state court, he needs to make that request to the state court.

The court **ORDERS** that the petitioner's *habeas* petition is **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 20th day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge