DARREN WOLD,

        Petitioner,

        v.

DYLON RADTKE,[1]

        Respondent.

Case No. 15-cv-1040-pp

**ORDER VACATING JUDGMENT (DKT. NO. 10), LIFTING STAY, SCREENING PROPOSED AMENDED PETITION (DKT. NO. 19) AND ORDERING RESPONDENT TO FILE RESPONSE WITHIN SIXTY (60) DAYS**

**I.    Background**

On August 26, 2015, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2009 conviction in Waukesha County Circuit Court for first-degree intentional homicide as party to a crime. Dkt. No. 1. Three months later, the court screened the petition and reviewed its eight grounds for relief: (1) denial of the petitioner's Confrontation Clause rights; (2) insufficient evidence to prove the conviction; (3) ineffective assistance of trial counsel for failure to impeach a

---

[1] The petitioner now is incarcerated at Green Bay Correctional Institution. See General Public-Offender Search, WISCONSIN DEP'T OF CORRECTIONS, available at https://appsdoc.wi.gov_/lop/home.do (last visited Mar. 30, 2020). The warden of that institution is Dylon Radtke, WISCONSIN DEP'T OF CORRECTIONS, available at https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/ GreenBayCorrectionalInstitution.aspx (last visited Mar. 30, 2020). Under Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the court has updated the caption to reflect the appropriate respondent.

1

witness; (4) ineffective assistance of trial counsel for failure to call an exculpatory witness; (5) ineffective assistance of trial counsel for failing to call the victim's best friend as a witness; (6) denial of the petitioner's right to an impartial tribunal because the judge was biased; (7) denial of the petitioner's due process rights when the court did not grant a change of venue; and (8) denial of the petitioner's right to a fair trial with the cumulative nature of these errors. Dkt. No. 7.

The court's November 24, 2015 screening order concluded that although the petitioner had exhausted claims one and two of his federal *habeas* petition in the state courts, he had not properly exhausted claims three through eight. Id. at 6. The court informed the petitioner that because he had filed a "mixed" petition—a petition containing both exhausted and unexhausted claims—the court had three options: (1) it could dismiss the unexhausted claims; (2) it could dismiss the petition altogether; or (3) it could stay the petition while the petitioner returned to state court to exhaust the unexhausted claims. Id. at 7-8. The court recounted that the petitioner had filed for federal *habeas* relief in August of 2015, just one month after the deadline for him to seek direct review of his conviction had expired. Because it appeared that the petitioner was not in danger of running afoul of the statute of limitations under 28 U.S.C. §2244(d)(1)(A), the court concluded that the petitioner had time to return to state court to exhaust his previously unexhausted claims. Id. at 8. The court told the petitioner that he needed to decide whether to ask the court to dismiss

the entire petition without prejudice or to dismiss just his unexhausted claims and proceed on his exhausted claims. Id.

On January 6, 2016, the petitioner filed a letter saying that he "would like to accept the offer to dismiss the petition (habeas corpus) without prejudice." Dkt. No. 8. The letter also asked the court to grant an extension on the deadline for re-filing his *habeas corpus* petition. Id. On February 22, 2016, the court granted the petitioner's motion to dismiss his petition. Dkt. No. 9. The order denied the petitioner's motion for an extension of time, explaining that the petitioner still did not appear to be in danger of letting the statute of limitations run out. Id. at 3. The court informed the petitioner that under 28 U.S.C. §2244(d)(2), "the statute of limitations will be tolled (in other words, it will stop running) as soon as the petitioner files his unexhausted claims for post-conviction relief in the Wisconsin state courts. The one-year 'limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review.'" Id. at 3 (quoting Rhines v. Weber, 544 U.S. 269, 274 (2005) (internal quotations omitted).

The court's order included one final proviso, stating that "if the petitioner exhausts his claims in state court, but then circumstances develop that might prevent the petitioner from timely filing a federal *habeas* petition, he has the ability at that time to ask this court for an extension of time in which to file his federal petition." Dkt. No. 9 at 3. The court dismissed the petition without prejudice, dkt. no. 9, and entered judgment the same day, dkt. no. 10.

Over three months later, on May 31, 2016, the petitioner did exactly what the court had informed him he could do—he filed a motion for extension of time to file a petition for writ of *habeas corpus*. Dkt. No. 11. Although the petitioner did not have a petition pending in federal court at that time, the petitioner placed this case number on his letter and the clerk's office docketed the letter in this case. The letter requested an additional six months for filing the federal *habeas* petition because the petitioner currently was in the process of exhausting certain claims in state court. Id. The petitioner stated that the current time limit for filing his federal petition had expired on or about July 15, 2016. Id.

On June 7, 2016, the court issued an order denying the petitioner's request for an extension of time. Dkt. No. 13. The order cited a decision from the Eastern District of Wisconsin, Socha v. Pollard, Case No. 08-cv-994-rtr, which found that "[t]he complications that resulted from Socha's request to extend or suspend ("toll"), the one-year statute of limitations for filing a *habeas* petition under §2254 convince this court that granting [this petitioner's] motion for an extension of time to file a petition containing his exhausted claims is a risky proposition." Id. at 6. Instead, the court decided

> the better course of action is to reopen this *habeas* case and stay the federal proceedings until the petitioner has exhausted his claims in state court. That way, the petitioner will not lose his ability to request *habeas* relief on his exhausted claims while he waits for exhaustion of his unexhausted ones.

Dkt. No. 13 at 6-7. The court ordered the clerk's office to re-open the case and ordered all proceedings stayed until final resolution of the petitioner's state

4

court claims. Id. at 7. It ordered the petitioner to file a status report every ninety days and to file a notice with the court when he had exhausted all his state court claims. Id. The court said that it would then allow the petitioner to amend his petition to add all his exhausted claims. Id. The court did not, however, vacate the February 22, 2016 judgment.

The petitioner complied with the court's order to file status reports. Dkt. Nos. 14, 16, 17 and 18. On July 18, 2017, the petitioner filed a status report stating that the Wisconsin Supreme Court had denied his petition for review on July 11, 2017. Dkt. No. 19. Along with the status report, the petitioner filed his proposed amended *habeas* petition. Id. The court has not timely reviewed the petitioner's filing, and it apologizes for its untimeliness. The petitioner has done all that the court has asked of him, and the inordinate delay is solely the court's responsibility.

The court will vacate the February 22, 2016 judgment as improvidently entered under Federal Rule of Civil Procedure Rule 60(b). See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385 (7th Cir. 2008) (concluding that "a majority of circuits to have considered the power of a district court to vacate a judgment under Rule 60(b) have concluded that district courts have the discretion to grant such relief *sua sponte.*"). It will lift the stay and screen the proposed amended petition.

The court must add one additional note. In the portion of its June 7, 2016 order which reviewed the petitioner's case history, the court remarked that the petitioner's filings in state court tolled the statute of limitations only

5

for his unexhausted claims. Dkt. No. 13 at 3. It found that the petitioner's state court filings did *not* toll the statute of limitations on his already-exhausted claims—grounds one and two. Id. at 3. It wrote:

> The petitioner does not have to ask this court to extend the statute of limitations period for him to file a federal *habeas* petition containing his *unexhausted* claims. The one-year clock stopped ticking as soon as the plaintiff filed for post-conviction relief in state court on those unexhausted claims. 28 U.S.C. §2244(d)(2)[].
>
> The petitioner also asks, however, that this court give him an "extension" of time to file a petition containing his *exhausted* claims. The one-year statute of limitations clock began ticking on the *exhausted* claims, as the court has indicated a couple of times now, on July 15, 2015, which means that the limitations period expires on July 15, 2016. As the court writes this order, the expiration date for the statute of limitations is thirty-eight (38) days from now.

Id. (parenthetical omitted). The court created two separate statutes of limitations for the petitioner, one which applied to the claims he was then-currently exhausting in state court and one which applied to the claims he had already exhausted. The court now recognizes that its June 7, 2016 order rested on a mistaken interpretation of the statute of limitations governing *habeas* cases.

Under 28 U.S.C. §2244(d)(1)(A), the petitioner's one-year statute of limitations to file a writ of *habeas corpus* began on July 15, 2015—ninety days after the Wisconsin Supreme Court denied his petition for review of his direct appeal. The clock did not stop when he filed for federal *habeas* review in August of 2015. See Duncan v. Walker, 533 U.S. 167, 172 (2001) (no tolling during pendency of federal *habeas* action). When the petitioner filed for state post-conviction relief in January of 2016, the statute of limitations period for

6

the petitioner's *habeas* petition was tolled (paused), because under 28 U.S.C. §2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added). The section does not distinguish between the claims pursued in the state post-conviction action. It speaks of the period of limitation as a whole. Under 28 U.S.C. §2244(d)(2), as long as the state postconviction action can be considered a "State post-conviction or other collateral review with respect to the pertinent judgment or claim" and is "properly filed," 28 U.S.C. §2244(d)(2) applies and the clock is tolled. Wall v. Kholi, 562 U.S. 545, 559 (2011).

When a court calculates the petitioner's statute of limitations period, it doesn't calculate one date for claims that have been exhausted by direct appellate review and a different date for claims that have been exhausted through, for example, a motion for new trial under Wis. Stat. §974.06. This court erred when it said otherwise.

When confronted with this same situation, courts apply the general rule that "[i]f a mixed federal petition is dismissed on exhaustion grounds and the petitioner then pursued state collateral review of the unexhausted claims, the limitations period for the exhausted claims is tolled along with the unexhausted claims." §9A:67, *Tolling of exhausted claims while pursuing state collateral review of unexhausted claims*, FEDERAL HABEAS MANUAL (citing Martin v. Jones, 969 F. Supp. 1058, 1062 (M.D. Tenn. 1997); see also Parisi v. Cooper,

7

961 F. Supp. 1247, 1249 (N.D. Ill. 1997); Valentine v. Senkowski, 966 F. Supp. 239, 241 (S.D.N.Y. 1997); Parker v. Johnson, 988 F. Supp. 1474, 1476 (N.D. Ga. 1998) ("construing the statute to toll only those certain claims pending before a state court would, given the necessarily slow pace of state review, result in time barring all but the last claims to undergo state review."); Zahraie v. McCullik, No. 1:17-cv-10875, 2017 WL 3720460, at *2 (E.D. Mich. Aug. 29, 2017) ("The tolling under [28 U.S.C. §2244(d)(2)] stops the clock with respect to all of Petitioner's claims, even those that were already exhausted.")

This court's error, however, does not impact the petitioner's ability to proceed. The petitioner filed status reports—as ordered—and informed the court that his state court remedies became exhausted as of July 11, 2017. The petitioner then promptly filed a proposed amended petition. Given that the petitioner's statute of limitations for filing a federal *habeas* petition would have been tolled until July 11, 2017 under 28 U.S.C. §2244(d)(2), the petitioner's amended petition appears timely. The court now will proceed to its long-overdue screening of the petitioner's amended petition.

## II. Screening Proposed Amended Petition

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

8

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). The court also considers whether the petitioner filed the petition within the limitations period, whether the petitioner has exhausted his state court remedies and whether the petitioner has avoided procedural default.

 B. <u>Proposed Amended Petition</u>

The petitioner's amended petition lists seven grounds for relief. First, he asserts that his appellate counsel was ineffective for "fail[ure] to raise several issues." Dkt. No. 19-1 at 10. The petitioner's second ground is ineffective assistance of trial counsel; the petitioner says his trial counsel performed ineffectively by (1) failing to show that a state's witness, Justin Welch, had given multiple inconsistent statements to the police; (2) failing to call a fact witness who would have undermined the state's evidence of the petitioner's complicity in the murder scheme; and (3) failing to consult with the petitioner and failing to call the victim's best friend as a witness. <u>Id.</u> at 14. Third, the petitioner asserts that the state presented insufficient evidence to convict him. <u>Id.</u> Fourth, the petitioner asserts that the trial judge's wife knew the victim, which caused the trial judge to be biased against him. <u>Id.</u> at 16. Fifth, the petitioner claims that the trial court should have changed the venue for the

trial and that the petitioner's counsel was ineffective for failing to raise this issue. Id. at 17. Sixth, the petitioner claims that the trial court's errors, taken cumulatively, denied him a fair trial. Id. Finally, the petitioner claims that the trial court erroneously failed to grant a severance in his trial, resulting in a violation of his Confrontation Clause rights. Id. at 18.

The petitioner has presented claims that are generally cognizable on *habeas* review. See Kimbrough v. Neal, 941 F.3d 879, 881 (7th Cir. 2019) (ineffective assistance of appellate counsel actionable for federal *habeas* relief); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel); Jackson v. Virginia, 443 U.S. 307 (1979) (sufficiency of the evidence reviewable on *habeas*); Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 876 (2009) ("it is axiomatic that [a] fair trial in a fair tribunal is a basic requirement of due process."); Rideau v. State of La., 373 U.S. 723, 726 (1963) ("it was a denial of due process of law to refuse the request for a change of venue[.]"); Richardson v. Griffin, 866 F.3d 836, (7th Cir. 2017) (granting writ of *habeas corpus* for violation of Confrontation Clause rights at trial).

As discussed above, the petitioner's petition appears timely. Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it is premature for the court to make a definitive determination on whether the petitioner has properly exhausted all seven of his grounds for federal *habeas* relief. Further, any failure to exhaust would result in procedural default—an affirmative defense more appropriately

10

raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004). The court will require the clerk's office to docket the proposed amended petition as the operative petition, and will require the respondent to respond to the proposed amended petition.

## III. CONCLUSION

The court **ORDERS** that the February 22, 2016 judgment is **VACATED.** Dkt. No. 10.

The court **LIFTS** the stay. Dkt. No. 13.

The court **ORDERS** that the clerk's office must separately docket the proposed amended complaint at Dkt. No. 19-1, and that this pleading is the operative petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

11

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 6th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**